UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSE TYRONE BUCHANAN,

                          Petitioner,                   Case No. 2:20-cv-10087
                                                      Hon. Victoria A. Roberts

v.

J. HEMINGWAY,

                          Respondent.

_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

Federal prisoner Jesse Tyrone Buchanan ("Petitioner"), confined at the Federal Correctional Institution in Milan, Michigan, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner asserts that the Bureau of Prisons erroneously calculated his federal sentences as calling for an aggregate sentence of 286 months instead of 262 months. Respondent filed a motion to dismiss the action because Petitioner prevailed on this claim in his administrative appeal, and the most current BOP records indicate an aggregate sentence of 262 months.

### I. Background

In 1995, Petitioner was convicted in the United States District Court for the Southern District of Indiana of two narcotic offenses. While he was on supervised

release for those convictions, he was convicted of a third narcotics offense. On April 18, 2003, Petitioner was sentenced to 24 and 30 months for the supervised release violations for the two prior convictions, and to 400 months for the new conviction. Petitioner's 400-month sentence controlling sentence was subsequently reduced to 262 months under 18 U.S.C. § 3582.

Petitioner asserts that the District Court ordered all three sentenced be served concurrently, but the Bureau of Prisons erroneously determined that his 24-month sentence be served consecutively to his reduced 262-month sentence, creating and aggregate 286-month sentence. Petitioner supports this contention with an August 16, 2016, administrative remedy decision confirming that the BOP was aggregating his sentences to 286 months. See ECF No. 1, Exhibit A.

Respondent's motion to dismiss asserts that Petitioner failed to disclose the fact that his administrate appeal did not end on August 16, 2016, but that he pursued it to the national level of the BOP, where he prevailed with his appeal.

Respondent supports this contention with an April 27, 2017, determination from an administrator for national inmate appeals, stating:

> This is in response to your Central Office Administrative Remedy Appeal, wherein you request your release date scheduled during the year of 2026, be corrected so that it is July 31, 2024, or in June of 2024.
>
> After reviewing your case, it was revealed you were entitled to the relief you requested, and your sentence computation had previously

been updated with this change. Additionally, based on this review, it has been determined you are entitled to additional prior custody credit toward your federal sentence for the day of July 16, 2001. Also, a correction made to the Good Conduct Time Disallowances and Forfeitures applied to your sentence resulted in the increase of your total Good Conduct Time earned and projected from 685 days to 738 days. Your federal sentence computation was updated accordingly, and your projected release date is now June 7, 2024, via good conduct time release. Your sentence has been computed in accordance with federal statute, applicable Bureau of Prisons policy, and within the intent of the Court.

Accordingly, your appeal is granted.

ECF No. 5-3, Page.ID.38.

As a result, a March 5, 2020, BOP sentence calculation record submitted by Respondent shows the correct aggregate sentence of 262 months. ECF No. 5-2, Page.ID.25-26.

Petitioner filed a reply brief, claiming that he was told by BOP personnel to file this action because they could not update their system to reflect the correct sentence computation. He attaches a sentence computation records from the BOP dated May 31, 2017, and July 22, 2019, that reflect the incorrect composite sentence of 286 months. ECF No. 6, Page.ID.4-5.

## II. Discussion

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. *United States v. Juvenile Male*, 564 U.S. 932, 936 (2011). This means that, throughout the

litigation, the claimant "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *see also Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). A claim for habeas relief becomes moot when the controversy between the parties is no longer alive because the party seeking relief has obtained the relief requested. See, e.g., *Picrin-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991); *Johnson v. Riveland*, 855 F.2d 1477, 1479-80 (10th Cir. 1998).

The records Petitioner attaches to his reply brief do, in fact, indicate a 286-month aggregate sentence. Those records are dated, however, May 31, 2017, and July 22, 2019. The record attached to Respondent's motion, on the other hand, which is dated March 5, 2020, indicates that the BOP has finally entered the correct aggregate sentence. The correctness of this record - as opposed to the earlier records - is supported by the determination of the administrator for national inmate appeals granting Petitioner's administrative appeal. As the BOP has already granted Petitioner the requested relief, his petition for writ of habeas corpus is moot.

The Court notes that tt is not clear why the July 22, 2019, record shows an incorrect aggregate sentence, as that record was generated *after* Petitioner prevailed in his administrative appeal. Nevertheless, it appears the BOP current lists the correct sentence calculation. If the error occurs again, Petitioner has the ability to file a new

administrative appeal, and failing that, he can file another petition for writ of habeas corpus.

Accordingly, the Court **DISMISSES** as moot the petition for a writ of habeas corpus.

**SO ORDERED**.

s/ Victoria A. Roberts
Hon. Victoria A. Roberts
United States District Judge

Dated:  6/4/2020

5