UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSE TYRONE BUCHANAN,

    Petitioner,                                        Civil No. 2:20-cv-10087
                                                       Hon. Victoria A. Roberts

J. HEMINGWAY,

    Respondent.
_____/

**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT**
**[ECF No. 9]**

This matter is before the Court on federal prisoner Jesse Tyrone Buchanan's motion for relief from judgment filed under Federal Rule of Civil Procedure 60(b)(6). (ECF No. 9.) On June 4, 2020, the Court issued an opinion and order denying Buchanan's 28 U.S.C. § 2241 habeas corpus petition, finding that the BOP corrected the sentencing computation error he complained of in his petition. In a second habeas case filed by Petitioner, the Court rejected an alleged good conduct time crediting error, and the Court also reaffirmed the BOP's correction of the error raised in the instant case. *See Buchanan v. Hemingway*, No. 21-10683, ECF No. 18 (E.D. Mich. June 13, 2022).

Petitioner claims in his motion for relief from judgment that the BOP undid the correction of the computation error raised in this case on May 6, 2020, and it reimposed the incorrect projected outdate. In support of his claim, Petitioner provides the Warden's response to Petitioner's letter, cryptically indicating that Petitioner's sentences were "aggregated" and "sentence computation 060 and 050 were combined and your sentence computation was changed from 060 to 050." (ECF No. 9, PageID.54.)

-2-

Under Federal Rule of Civil Procedure 60(b), a district court may grant relief from a final judgment or order only upon a showing of certain enumerated circumstances. *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F. 3d 465, 468 (6th Cir. 2007). The Sixth Circuit has stated that: "Courts ... must apply subsection (b)(6) only as a means to achieve substantial justice when something more than one of the grounds contained in Rule 60(b)'s first five clauses is present. The something more ... must include unusual and extreme situations where principles of equity mandate relief." *Id*. (internal citations and quotations omitted).

Petitioner fails to demonstrate the existence of an extreme situation mandating relief. The erroneous outdate Petitioner originally complained about in the present case called for his release in 2026. (ECF No. 5-3, PageID.33-34.) After the BOP corrected the error, Petitioner's expected good conduct time expected release date was set to March 22, 2024. (ECF No. 5-2, PageID.21-32.) The date of the record filed in the present case shows that this was still the case on March 5, 2020. (*Id.*) Petitioner claims that on May 6, 2020, about two months later, and after the records were filed in the present case, the BOP reinstated the erroneous calculation. However, in Case No. 21-10683, BOP records dated as late as May 26, 2021, show Petitioner still had a projected good conduct time release date of May 15, 2024. (See Case No. 21-10683, ECF No. 7-2, PageID.85.) The approximate two-month difference appears to be accounted for by Petitioner's subsequent loss of additional good conduct time. (*Id.*, PageID.53, n. 2.) In any event, and contrary to Petitioner's assertion, BOP records generated after May 6, 2020, contradict his claim that the BOP reinstated the 2026 projected release date.

Accordingly, **IT IS HEREBY ORDERED** that Petitioner's motion for relief from judgment (ECF No. 9) is **DENIED**.

-3-

Dated: 6/22/2022

s/ Victoria A. Roberts
Hon. Victoria A. Roberts
United States District Judge