UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSE TYRONE BUCHANAN,

    Petitioner,                                                   Civil No. 2:20-cv-10087
                                                          Hon. Victoria A. Roberts

J. HEMINGWAY,

    Respondent.
_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**
**[ECF No. 11]**

This matter is before the Court on federal prisoner Jesse Tyrone Buchanan's motion for reconsideration of the order denying his motion for relief from judgment.

On June 4, 2020, the Court issued an opinion and order denying Petitioner's 28 U.S.C. § 2241 habeas corpus petition, finding that the BOP corrected the sentencing computation error he complained of in his petition. In a second habeas case filed by Petitioner, the Court rejected an alleged good conduct time crediting error, and the Court also reaffirmed the BOP's correction of the error raised in the instant case. *See Buchanan v. Hemingway*, No. 21-10683, ECF No. 18 (E.D. Mich. June 13, 2022).

Petitioner subsequently filed a motion relief from judgment under Federal Rule of Civil Procedure 60(b)(6), asserting that the BOP had undone the correction of his sentence. (ECF No. 9.) The Court denied the motion because BOP records filed in both cases indicated that the corrected calculation stood in effect. (ECF No. 10.)

Petitioner's motion for reconsideration asserts that the Court has all along misconstrued the nature of his claims – that he was never directly attacking his outdate calculated by the BOP,

-2-

but that he challenges the entire execution of his sentence by the BOP, one effect of which was the outdate miscalculation. (ECF No. 11.)

Motions for reconsideration of final orders and judgments are no longer permitted under Local Rule 7.1 but must be brought under Federal Rules of Civil Procedure 59(e) or 60(b). *See Ackerman v. Washington*, No. CV 13-14137, 2021 WL 5782896, at *1, n. 1 (E.D. Mich. Dec. 7, 2021)(citing See E.D. Mich. LR 7.1(h)(1)). As Petitioner is proceeding *pro se*, his motion for reconsideration will be construed as motions to alter or amend judgment filed under Fed. R. Civ. P. 59. *Cf. Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999)(treating motion to alter or to amend judgment filed by a pro se habeas petitioner as a motion for reconsideration filed under Local Rule 7.1).

The decision to grant a motion to alter or amend judgment under Fed. R. Civ. P. 59 is discretionary with the district court. *Davis by Davis v. Jellico Cmty. Hosp., Inc.*, 912 F.2d 129, 132 (6th Cir. 1990). A motion to alter or amend judgment will generally be granted if the district court made a clear error of law, if there is an intervening change in the controlling law, or if granting the motion will prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "A Rule 59 motion 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018)(quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486, n. 5 (2008)(additional quotation omitted)). In addition, a Rule 59(e) motion to alter or amend judgment is not a substitute for an appeal. *See Johnson v. Henderson*, 229 F. Supp. 2d 793, 796 (N.D. Ohio 2002).

-3-

Petitioner asserts in his motion that the Court failed to understand that his petition was aimed at challenging the entirety of the BOP's execution of his sentence, yet the sole claim raised in the habeas petition states: "Because of the illegality of Buchanan's sentence, the BOP is unable to properly aggregate his sentence thus extending it past the Court's oral pronouncement." (ECF No. 1, PageID.3.) This is the same claim that was considered and accepted as correct by the BOP, and it resulted in the correction of its calculation of Petitioner's sentence. (ECF No. 5-3, PageID.38.) Petitioner's argument in his motion for relief from judgment was not about some other aspect regarding the execution of his sentence – it was that the BOP undid the correction. Petitioner's motion for reconsideration does not challenge the Court's determination that the correction remains in place. No other aspect of the BOP's execution of sentence (other than the calculation of Petitioner's release dates) was properly presented to the Court either in the habeas petition or in Petitioner's motion for relief from judgment. Accordingly, Petitioner fails to demonstrate entitlement to an order altering or amending the judgment.

**IT IS HEREBY ORDERED** that Petitioner's motion for reconsideration (ECF No. 11) is therefore **DENIED**.

Dated:  1/9/2023

s/ Victoria A. Roberts  
Hon. Victoria A. Roberts  
United States District Judge