UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSE TYRONE BUCHANAN,

    Petitioner,                                     Civil No. 2:20-cv-10087
                                                          Hon. Victoria A. Roberts

J. HEMINGWAY,

    Respondent.
_____/

**ORDER DENYING SECOND MOTION FOR RELIEF FROM JUDGMENT**
**[ECF No. 13]**

    This matter is before the Court on federal prisoner Jesse Tyrone Buchanan's second motion for relief from judgment filed under Federal Rule of Civil Procedure 60(b). (ECF No. 13.) On June 4, 2020, the Court issued an opinion and order denying Buchanan's 28 U.S.C. § 2241 habeas corpus petition. Petitioner asserted that the BOP was improperly aggregating two of his federal sentences and computing his outdate based on a 286-month sentence rather than a 262-month sentence. The Court denied the petition after determining that the BOP corrected the sentencing computation error.

    In a second habeas cases filed by Petitioner, the Court rejected an alleged good conduct time crediting error, and the Court also reaffirmed the BOP's correction of the error raised in the instant case. *See Buchanan v. Hemingway*, Nos. 21-10683 (ECF No. 18 (E.D. Mich. June 13, 2022).

    Petitioner filed his present motion for relief from judgment in both cases. Petitioner claims he has new evidence to support his previous allegation that the BOP is improperly executing his 262-month sentence. Petitioner's new evidence consists of a response from the Regional Director

-2-

of the Federal Bureau of Prisons North Central Regional Office in response to Petitioner's administrative appeal regarding the loss of First Step Act credits. In the letter, the Regional Director denies Petitioner the credits because he was convicted of contraband in prison under 18 U.S.C. § 1791, which is not the conviction that resulted in the 262-month sentence. (ECF No. 13, PageID.83.)

Under Federal Rule of Civil Procedure 60(b), a district court may grant relief from a final judgment or order only upon a showing of certain enumerated circumstances. *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F. 3d 465, 468 (6th Cir. 2007). The Sixth Circuit has stated that: "Courts ... must apply subsection (b)(6) only as a means to achieve substantial justice when something more than one of the grounds contained in Rule 60(b)'s first five clauses is present. The something more ... must include unusual and extreme situations where principles of equity mandate relief." *Id*. (internal citations and quotations omitted).

Petitioner fails to demonstrate the existence of an extreme situation mandating relief. Nothing in the exhibit attached to Petitioner's motion supports his position that the BOP has once again improperly aggregated his sentences as claimed in his original habeas petition. Rather, the motion and attached record seem to indicate that Petitioner was deemed not eligible to receive First Step Act credits because one of his convictions (whether the sentence for it was or was not aggregated with his controlling sentence) makes him ineligible for those credits. The fact that First Step Act credits were denied does not mean that Petitioner's sentences for his multiple convictions were improperly aggregated. Petitioner offers no cogent argument as to how this new evidence invalidates the Court's prior opinion denying him habeas relief on his claim that the BOP was improperly aggregating his sentences.

-3-

Accordingly, **IT IS HEREBY ORDERED** that Petitioner's motion for relief from judgment (ECF No. 13) is **DENIED**.

s/ Victoria A. Roberts<br>
Hon. Victoria A. Roberts<br>
United States District Judge

Dated: 4/26/2023